PAEZ, Circuit Judge,
dissenting:
In reviewing the Board of Immigration Appeals’ (BIA) ruling affirming the Immigration Judge’s (IJ) credibility finding, we “independently evaluate each ground cited by the BIA” and decide whether there is substantial evidence to support the finding. Chen v. I.N.S., 266 F.3d 1094, 1098 (9th Cir.2001), overruled on the other grounds by INS v. Ventura, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). Although this standard is deferential, “[t]he BIA must have a legitimate articulable basis to question the petitioner’s credibility, and must offer a specific, cogent reason for any stated disbelief.” Shah v. I.N.S., 220 F.3d 1062, 1067 (9th Cir.2000) (internal quotations omitted).
Here, the basis for the adverse credibility finding was 1) Singh’s testimony regarding the date of his second arrest in relation *23 to the 1984 Golden Temple attack and 2) the fact that a letter submitted by Singh’s wife did not mention his second arrest. Neither of these grounds provides substantial evidence to support an adverse credibility finding.
First, there is no inconsistency arising from Singh’s testimony about his second arrest. Although Singh admittedly described his arrest as happening ‘during’ the attack and later testified that he was arrested ‘a week before’ the attack, these were consistent, albeit differently-worded, descriptions of the arrest in relation to a week-long, chaotic event.
Second, the omission of Singh’s second arrest from his wife’s letter also fails to support the IJ’s credibility finding. The omission does not directly contradict Singh’s testimony in any way. See Singh v. Ashcroft, 301 F.3d 1109, 1112 (9th Cir.2002) (rejecting an adverse credibility determination where petitioner’s testimony mentioned injuries that a physician’s letter did not). Further, neither the IJ nor the BIA gave specific, cogent reasons why the omission affected Singh’s credibility. The only proffered explanation was the IJ’s assumption that Singh’s wife would have known about the second arrest, but “[speculation and conjecture cannot form the basis of an adverse credibility finding.” Kaur v. Ashcroft, 379 F.3d 876, 887 (9th Cir.2004) (quoting Shah, 220 F.3d at 1071).
Moreover, Singh gave a reasonable explanation for the inconsistency, an explanation that both the IJ and BIA dismissed only in passing. When a petitioner offers an explanation for a factual inconsistency, however, the BIA must “address in a reasoned manner the explanations that [the petitioner] offers for these perceived inconsistencies.” Soto-Olarte v. Holder, 555 F.3d 1089, 1091 (9th Cir.2009)(internal quotations omitted). The BIA’s conclusion that Singh’s explanation is ‘simply not plausible has no support in the record. The BIA offers no reasons for its conclusion that Singh’s wife, to whom he was engaged but not living with, must have known about his second arrest. The BIA unjustifiably cast aside Singh’s testimony that he did not discuss the second arrest with his wife in an attempt to put the incident behind him.
The majority also inexplicably finds support for the IJ’s adverse credibility finding by looking to other inconsistencies in Singh’s declarations and testimony. Those inconsistencies were never cited by the BIA or the U. The majority expands the scope of its review to the entire factual record rather than focusing, as the law requires, on a review of the sufficiency of the BIA’s stated grounds. See Kin v. Holder, 595 F.3d 1050, 1055 (9th Cir.2010) (“Our review focuses solely on the actual reasons relied upon for the adverse credibility determination.”).
Because I would conclude that the adverse credibility finding is not supported by substantial evidence, I would grant the petition for review and remand with directions to the agency to address the merits of Singh’s application for asylum, withholding of removal, and relief under the Convention Against Torture. I therefore respectfully dissent.